UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

　　　　　　Plaintiff,

　　v.

CHERYL STRANGE, *et al.*,

　　　　　　Defendants.

CASE NO. **3:22-cv-05084-DGE-DWC**

REPORT AND RECOMMENDATION

Noting Date: March 11, 2022

Plaintiff John Demos, Jr., a state prisoner, has filed a proposed complaint under 42 U.S.C. § 1983 and a proposed motion to proceed *in forma pauperis* ("IFP"). Dkts. 1, 3. As discussed below, the proposed complaint should be dismissed and the proposed IFP motion should be denied as moot.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United

States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). An order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]. The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *Id.* at 3.

Here, in his proposed complaint, Plaintiff alleges that Defendants have unlawfully failed to prevent his exposure to COVID-19, thus placing him in imminent danger. *See* Dkt. 1 at 4–7. However, Plaintiff did not submit the separate affidavit that the 1992 Bar Order requires.

Accordingly, it is **RECOMMENDED** that Plaintiff's proposed complaint (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE**, that his proposed IFP motion (Dkt. 3) be **DENIED AS MOOT**, and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **March 11, 2022** as noted in the caption.

Dated this 24th day of February, 2022.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3